# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ramon Montes De Oca, Alberto Francisco Gruyair, Francisco Alberto Gruyair, Francisca Sanchez, Ramon Mejia, Belkys Limbar, Pablo Joaquin Limbar, Nurika Felix, Ariano Espinosa, Seily Albreu Vazquez, Maria Carmen Ramos, Christine Reinos Diaz, Dulcinea Reyes, Jesus Maria Mendez, Aneury A Diaz, Simon Fanna Gruyon, | :Civil Action No.:3:17-CV-00837-RDM<br>:<br>:<br>:Jury Trial Demanded<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Plaintiffs | :<br>:<br>: |
| Vs. | :<br>:<br>: |
| Ignacio Beato, Weichert Realtors Trademark, Poggi Realtors, LLC, Home Services of America, Inc., d/b/a Berkshire Hathaway Home Services, Berkshire Hathaway Home Services, Greater Hazleton Association of Realtors, and Toma Abstract, Inc., | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants | : |

## MOTION TO DISMISS

Defendant, Weichert Realtors Trademark, through its attorneys, Marshall

Dennehey Warner Coleman & Goggin, hereby files its Motion to Dismiss

Plaintiffs' Complaint, and states as follows:

1. Plaintiffs commenced this action by filing a Complaint on May 11, 2017.

(Doc. 1).

2.  Plaintiffs are collectively to referred to in the instant motion as "Plaintiffs"; however, they are identified in the Complaint as Plaintiffs Montes, Alberto, Francisco, Sanchez, Mejia, Belkys, Pablo, and Felix.  (Doc. 1, ¶1-8).

3.  Moving Defendant is Weichert Realtors Trademark, a corporation incorporated within the Commonwealth of Pennsylvania.  (Doc. 1 at ¶10).

4.  Additional Co-Defendants include Beato, Poggi Realtors, LLC, Homeservices of America, Inc., Berkshire Hathaway Home Services, and Greater Hazleton Association of Realtors.  (Doc. 1 at ¶9, 11-14).

5.  Generally, it is alleged that Defendants engaged in interstate wire communications during which Defendant Beato and the Co-Defendants "falsely represented that they were authorized to sell" certain pieces of property as identified in the Complaint.  (Doc. 1 at ¶20).

6.  Plaintiffs further allege that Defendants would prepare and cause fraudulent written agreements of sale to be entered into which purported to agree to convey certain foreclosed conventional and FHA insured mortgaged properties to purchasers when, in fact, Defendant Beato and the Co-Defendants allegedly had no authority to create and enter into such agreements.  (Doc. 1 at ¶21).

7.  Also, it is alleged that Defendant Beato would solicit and accept money from individuals who believed they were purchasing properties, and Defendant

Beato would fraudulently convert that money to his own personal use "and to the use of his co-conspirators by engaging in monetary transactions." (Doc. 1 at ¶22).

8.  Plaintiffs' Complaint contains five counts:  Count I Fraud/Fraudulent Misrepresentation; Count II Negligence/Negligent Misrepresentation; Count III Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law; Count IV Federal and State Civil RICO; and Count V Loss of Consortium. (Doc. 1).

9.  In response to the allegations against it, Defendant, Weichert Realtors Trademark, files a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

10. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the Complaint must provide the Defendant with fair notice of the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

11. When considering a Rule 12(b)(6) Motion to Dismiss, the Court must accept as true all factual allegations. See Ericson v. Partis, 551 U.S. 89, 94 (2007).

12. "While a Complaint attacked by a Rule 12(b)(6) Motion to Dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions in a formulaic

recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted).

13. Legal conclusions without factual support are not entitled to the assumption of truth.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009).

14. Plaintiffs have failed to state a viable cause of action for fraud/ fraudulent misrepresentation against Moving Defendant.

15. Accordingly, Defendant should be dismissed from Court I.

16. Plaintiffs have failed to state a viable cause of action for negligence/ negligent misrepresentation against Moving Defendant.

17. Accordingly, Defendant should be dismissed from Court II.

18. Plaintiffs have failed to state a viable cause of action under the Pa. Unfair Trade Practices and Consumer Protection Law against Moving Defendant.[1]

19. Accordingly, Defendant should be dismissed from Court III.

20. Plaintiffs have failed to state a viable cause of action for federal and state RICO against Moving Defendant.

21. Accordingly, Defendant should be dismissed from Court IV.

22. Plaintiffs have failed to state a viable cause of action for loss of consortium against Moving Defendant.

---

[1] It is unclear from the Complaint whether Plaintiffs are pursuing this claim against Defendant Beato, only, against all Defendants,  or against all Defendants under a theory of vicarious liability.  The sub-heading of Count III lacks specificity as to the allegedly culpable Defendant(s).  In any event, to the extent Moving Defendant is alleged to be liable in any capacity (directly or indirectly) under the UTPCPL, Defendant seeks dismissal of this claim against it. In their Opposition, Plaintiffs can clarify their position.

23.Accordingly, Defendant should be dismissed from Court V.

24.Finally, Moving Defendant seeks dismissal of Plaintiffs' demand for punitive damages.

25.For these reasons, as well as those reasons more fully articulated in Moving Defendant's Supporting Brief, which will be filed in accordance with L.R. 7.5, Moving Defendant seeks dismissal of the claims against it.

WHEREFORE, Defendant, Weichert Realtors Trademark, respectfully requests this Honorable Court grant its Motion to Dismiss and dismiss it from this action.

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

By: _____
   Patrick J. Boland III, Esquire
   Attorney I.D. #: 75924
   Mark J. Kozlowski, Esquire
   Attorney I.D. #: 308676
   P.O. Box 3118
   Scranton, PA  18505
   (570) 496-4600

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ramon Montes De Oca, Alberto Francisco Gruyair, Francisco Alberto Gruyair, Francisca Sanchez, Ramon Mejia, Belkys Limbar, Pablo Joaquin Limbar, Nurika Felix, Ariano Espinosa, Seily Albreu Vazquez, Maria Carmen Ramos, Christine Reinos Diaz, Dulcinea Reyes, Jesus Maria Mendez, Aneury A Diaz, Simon Fanna Gruyon, | :Civil Action No.:3:17-CV-00837-RDM : : :Jury Trial Demanded : : : : : : |
| Plaintiffs | : : |
| Vs. | : : |
| Ignacio Beato, Weichert Realtors Trademark, Poggi Realtors, LLC, Home Services of America, Inc., d/b/a Berkshire Hathaway Home Services, Berkshire Hathaway Home Services, Greater Hazleton Association of Realtors, and Toma Abstract, Inc., | : : : : : : : : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss was served on all parties on November 6, 2017 via ECF and/or U.S. Mail:

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

By: _____
Patrick J. Boland III, Esquire
Mark J. Kozlowski, Esquire

LEGAL/113341895.v1